**MINUTES OF THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

U.S.A. vs EFRAIN LOPEZ-GALLEGOS No. 08CR0308-BTM

The Court finds excludable delay, under the section indicated by check ( √ ),

commenced on 2/19/08 and ended on 5/9/08 ; (X7,XT1)

and ended on . ( )

| 3161(h) | | |
|---|---|---|
| ___(1)(A) | Exam or hrg for **mental or physical incapacity** | A |
| ___(1)(B) | **NARA exam**ination (28:2902) | B |
| ___(1)(D) | State or Federal trials or **other charges pending** | C |
| ___(1)(E) | **Interlocutory appeals** | D |
| ___(1)(F) | **Pretrial motions** (from flg to hrg or other prompt dispo) | E |
| ___(1)(G) | **Transfers from other district** (per FRCrP 20, 21 & 40) | F |
| ___(1)(J) | **Proceedings under advisement** not to exceed thirty days | G |
| ___ | Misc proc: Parole or prob rev, deportation, **extradition** | H |
| ___(1)(H) | **Transportation** from another district or to/from examination or hospitalization in ten days or less | 6 |
| X (1)(I) | Consideration by Court of **proposed plea agreement** | (7) |
| ___(2) | **Prosecution deferred** by mutual agreement | I |
| ___(3)(A)(B) | **Unavailability of defendant** or **essential witness** | M |
| ___(4) | Period of **mental or physical incompetence** of defendant to stand trial | N |
| ___(5) | Period of **NARA commitment or treatment** | O |
| ___(6) | **Superseding indictment and/or new charges** | P |
| ___(7) | **Defendant awaiting trial of co-defendant** when no severance has been granted | R |
| ___(8)(A)(B) | **Continuances** granted per (h)(8)-use "T" alone if more than one of the reasons below are given in support of continuance | T |
| ___(8)(B)(I) | 1) Failure to grant a **continuance** in the proceeding would result in a **miscarriage of justice** and the ends of justice outweigh the best interest of the public and the defendant in a speedy trial. **(Continuance - miscarriage of justice)** | (T1) |
| X | 2) Failure to grant a **continuance** of the trial would result in a miscarriage of justice as the defendant has tendered a guilty plea to a magistrate judge and is awaiting a determination as to whether the plea will be accepted. **(Continuance - tendered a guilty plea)** | |
| ___(8)(B)(ii) | 2) **Case** unusual or **complex** | T2 |
| ___(8)(B)(iii) | 3) **Indictment** following arrest **cannot be filed** in thirty (30) days | T3 |
| ___(8)(B)(iv) | 4) **Continuance** granted in order to obtain or substitute counsel, or give reasonable time to prepare **(Continuance re counsel)** | T4 |
| ___3161(I) | Time up to **withdrawal of guilty plea** | U |
| ___3161(b) | **Grand jury indictment time extended** thirty (30) more days | W |

Date 2/19/08

MCS
Judge's Initials

*SEPARATOR PAGE*

*MOSKOWITZ*

*08CR308 *

*PLEADINGS*

*PLEA AGREEMENT*

*02 20 2008 3:33:24 PM*

ORIGINAL

KAREN P. HEWITT
United States Attorney
W. MARK CONOVER
Assistant U.S. Attorney
California State Bar No. 236090
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5200

Attorneys for Plaintiff
United States of America

FILED
FEB 19 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. EFRAIN LOPEZ-GALLEGOS, Defendant. | Criminal Case No. 08CR0308-BTM<br>**PLEA AGREEMENT** (Pre-Indictment Fast-Track Program) |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Karen P. Hewitt, United States Attorney, and W. Mark Conover, Assistant United States Attorney, and defendant, EFRAIN LOPEZ-GALLEGOS, with the advice and consent of Charles Guthrie, counsel for defendant, as follows:

//

//

//

//

//

//

WMC:mg:1/18/08

Def. Initials E.L.G

# I

## THE PLEA

A. The Charge. Defendant agrees to waive Indictment and plead guilty to a single-count Information charging defendant with:

> On or about January 15, 2008, within the Southern District of California, defendant EFRAIN LOPEZ-GALLEGOS, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Erica Garcia-Torrecia, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii) and Title 18, United States Code, Section 2.

B. Early Disposition (Fast-Track) Program. The disposition contemplated by this plea agreement is pursuant to an early disposition (Fast-Track) program authorized by the Attorney General of the United States and the United States Attorney for the Southern District of California.

C. Program Requirements. As part of this plea agreement, and as set forth in Section X.A.6. below, the United States will move the Court to depart downward two offense levels under USSG § 5K3.1 provided defendant complies with the following early disposition (Fast-Track) program requirements, to which defendant specifically agrees:

1. to waive indictment on or before the first preliminary hearing date;

2. to stipulate in writing on or before the first preliminary hearing date that:

a. the material witnesses:

(1) are aliens with no lawful right to enter or remain in the United States;

(2) entered the United States illegally on or about a date certain;

(3) were found in a vehicle driven by defendant and that defendant knew or acted in reckless disregard of the fact that they were aliens with no lawful right to enter or remain in the United States;

(4) were paying or having others pay on their behalf, to defendant or others to be brought into the United States illegally and/or transported illegally to their destination therein; and,

(5) may be released and remanded immediately to the Department of Homeland Security for return to their country of origin.

(b) after the material witnesses are ordered released by the Court pursuant to this motion, if defendant does not plead guilty to the charge described above, for any reason, or thereafter withdraws his guilty plea to that charge, defendant agrees that in any proceeding, including, but not limited to, motion hearings, trial, sentencing, appeal or collateral attack, that:

(1) the stipulated facts set forth in paragraph c.(2)(a)(1)-(5) above shall be admitted as substantive evidence;

(2) the United States may elicit hearsay testimony from arresting agents regarding any statements made by the material witness(es) provided in discovery, and such testimony shall be admitted as substantive evidence under Fed. R. Evid. 804(b)(3) as statements against interest of (an) unavailable witness(es); and,

Def. Initials F.L.G
08 CR 0308-BTM

(3) understanding that under Crawford v. Washington, 124 S. Ct. 1354 (2004), "testimonial" hearsay statements are not admissible against a defendant unless defendant confronted and cross-examined the witness(es) who made the "testimonial" hearsay statements, defendant waives the right to confront and cross-examine the material witness(es) in this case.

3. to execute and file a Waiver of Indictment and a Stipulation of Fact and Joint Motion for Release of Material Witness(es) at the first preliminary hearing date;

4. to file or argue no substantive motions, including those described in Fed. R. Crim. P. 12;

5. to plead guilty to the charge **within 30 days** of arraignment on the complaint initially filed against defendant;

6. to waive the right to appeal or collaterally attack the plea, conviction, or sentence; and,

7. if defendant is illegally in the United States, to stipulate and agree to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official, and unconditionally waives all rights to appeal, reopen, or collaterally attack the order of removal (see Section XI [Defendant Waives Appeal and Collateral Attack] below).

D. Timeliness/Offer Revocation. The disposition contemplated by this agreement is conditioned on (1) the original plea agreement being signed by defendant and defense counsel and returned to Government counsel not later than five business days before the disposition date, and (2) the guilty plea being entered on or before **February 16, 2008**. Therefore, in the event that defendant seeks a

Def. Initials E.L.J.
08 CR 0308-BTM

delay in the disposition in this case to a date beyond 30 days of arraignment, or otherwise fails to comply with these timeliness requirements, the United States may in its sole discretion revoke the disposition offer contained in this plea agreement and seek defendant's indictment on the underlying charge(s).

E. No Prosecution on Mandatory Minimum Count. In exchange for defendant's guilty plea and sentencing on the single-count Information and provided defendant complies fully with all terms of this plea agreement, the Government agrees not to charge him/her with violating 8 U.S.C. § 1324(a)(2)(B)(ii), which, under the facts of this case, carries a five-year mandatory minimum sentence.

F. Fofeiture. The defendant further agrees to the administrative and/or civil forfeiture of all properties seized in connection with this case which the defendant agrees are subject to forfeiture to the United States pursuant to Title 8, United States Code, Section 1324(b). The defendant further waives his right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings. Defendant warrants and represents as a material fact that all property in which he has any interest may be forfeited as described above.

II

NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. Defendant brought or attempted to bring the person specified in the count to the United States;



Def. Initials E.L.G.
08 CR 0308-BTM

2. The person specified in the count was not a citizen of the United States and had not received prior official authorization to come to, enter or reside in the United States;

3. Defendant knew, or acted in reckless disregard of the fact that the person specified in the count had not received prior official authorization to come to, enter, or reside in the United States when the defendant brought, or attempted to bring, that person into the United States;

4. Defendant failed to bring and present the person specified in the count immediately upon arrival to an appropriate immigration officer at a designated port of entry; and,

5. Defendant acted with the intention of violating the immigration laws of the United States.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On January 15, 2008, defendant made application for admission into the United States from Mexico via the San Ysidro, California Port of Entry, driving a red 1994 Nissan Altima, bearing California license number 5KMM705 (the "vehicle").

2. The vehicle contained an undocumented alien, namely, Erica Garcia-Torrecia, who was concealed inside the trunk of the vehicle. The alien, therefore, had no safety belt or other safety devices.

3. Defendant knew or acted in reckless disregard of the fact that Erica Garcia-Torrecia had not received prior official authorization to come to, enter, or reside in the United States.

4. Defendant failed to present Erica Garcia-Torrecia immediately upon arrival to an appropriate immigration officer at the San Ysidro, California Port of Entry.

5. The material witness was paying $4,000 to others to be brought into the United States illegally and/or transported illegally to her destination therein.

6. Defendant committed the above acts with the intention of violating United States immigration laws.

## III

## PENALTIES

Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

A. a maximum 10 years in prison;

B. a maximum $250,000 fine;

C. a mandatory special assessment of $100.00 per count; and

D. a term of supervised release of 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison all or part of the term of supervised release.

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

A. continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. a speedy and public trial by jury;

C. the assistance of counsel at all stages of trial;

D. confront and cross-examine adverse witnesses;

E. present evidence and to have witnesses testify on behalf of defendant; and,

F. not testify or have any adverse inferences drawn from the failure to testify.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

The Government represents that any information establishing the factual innocence of defendant known to the undersigned prosecutor in

Def. Initials E.L.G
08 CR 0308-BTM

this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

Defendant understands that if this case proceeded to trial, the Government would be required to provide impeachment information relating to any informants or other witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty defendant will not be provided this information, if any, and Defendant also waives the right to this information. Finally, defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel, and has a clear understanding of the charges and the consequences of this plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C. No one has threatened defendant or defendant's family to induce this guilty plea; and,

D. Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

//

//

//

Def. Initials ELG
08 CR 0308-BTM

**VII**

**AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE**
**SOUTHERN DISTRICT OF CALIFORNIA**

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the Government will bring this plea agreement to the attention of other authorities if requested by the defendant.

**VIII**

**APPLICABILITY OF SENTENCING GUIDELINES**

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office and defense counsel and the Government have had an opportunity to review and challenge the presentence report. Nothing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

//

//

IX

**SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as to what sentence defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is **not binding on the Court**. Likewise, the recommendation made by the Government is not binding on the Court, and it is uncertain at this time what defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, defendant nevertheless has no right to withdraw the plea.

X

**PARTIES' SENTENCING RECOMMENDATIONS**

A. SENTENCING GUIDELINE CALCULATIONS

Although the parties understand that the Guidelines are only advisory and just one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable):

//

//

//

//

| | | | |
|---|---|---|---|
| 1. | Base Offense Level [USSG § 2L1.1(a)(3)] | 12 |
| 2. | Prior Immigration Felony [USSG § 2L1.1(b)(3)] | 0* |
| 4. | Substantial Risk [USSG § 2L1.1(b)(6)] (Increase by 2 levels, but if the resulting offense level is less than level 18, increase to level 18) | 18 |
| 5. | Acceptance of Responsibility [USSG § 3E1.1] | -3 |
| 6. | Departure for Fast Track [USSG § 5K3.1] | -2 |
| | **Total Offense Level** | **13** |

***If defendant has previously sustained a conviction for a felony immigration and naturalization offense, the parties will recommend a +2 adjustment, pursuant to USSG 2L1.1(b)(3)(A). If defendant has previously sustained two or more such felony immigration convictions, the parties will recommend a +4 adjustment, pursuant to USSG 2L1.1(b)(3)(B).**

B. ACCEPTANCE OF RESPONSIBILITY

Notwithstanding paragraph A.5 above, the Government will not recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the plea at the time it is entered, or

2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the Court or probation officer, or

3. Fails to appear in court, or

4. Engages in additional criminal conduct, or

5. Attempts to withdraw the plea, or

6. Refuses to abide by any lawful court order.

7. Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

C. <u>ADJUSTMENTS AND SENTENCE REDUCTIONS UNDER 18 U.S.C. § 3553</u>

The parties agree not to recommend any upward or downward adjustments other than those listed above, or other sentence reductions under 18 U.S.C. § 3553.

D. <u>NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY</u>

The parties have **no** agreement as to defendant's Criminal History Category.

E. <u>DEPARTURES AND SENTENCE REDUCTIONS UNDER 18 U.S.C. § 3553</u>

The parties agree not to recommend any upward or downward departures, including any criminal history departures under USSG § 4A1.3, or other sentence reductions under 18 U.S.C. § 3553.

F. <u>"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION</u>

The parties agree that the facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

G. <u>PARTIES' RECOMMENDATIONS REGARDING CUSTODY</u>

The parties agree that the Government will recommend that defendant be sentenced to the low end of the advisory guideline range as calculated by the Government pursuant to this agreement, **<u>unless</u>** defendant is found to be in CHC I, in which case the parties agree that defendant should be sentenced to 13 months' imprisonment. However, if the Court adopts an offense level or downward adjustment or departure below the Government's recommendations in this plea agreement, the Government will recommend a sentence as near as possible to what the sentence would have been if the Government's recommendations had been followed.

//

Def. Initials ELG
08 CR 0308-BTM

H. SPECIAL ASSESSMENT

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

I. STIPULATED REMOVAL

If defendant is not a United States citizen or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order.

**XI**

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable. If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this agreement,

defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

If defendant breaches this plea agreement, at any time, by appealing or collaterally attacking the conviction or sentence, in any way, the Government may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the Government may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## XII

## CRIMES AFTER ARREST OR BREACH OF THE AGREEMENT WILL PERMIT THE GOVERNMENT TO RECOMMEND A HIGHER SENTENCE OR SET ASIDE THE PLEA

This plea agreement is based on the understanding that, prior to defendant's sentencing in this case, defendant has not committed or been arrested for any offense not known to the Government prior to defendant's sentencing. This plea agreement is further based on the understanding that defendant has committed no criminal conduct since defendant's arrest on the present charges, and that defendant will commit no additional criminal conduct before sentencing. If defendant has engaged in or engages in additional criminal conduct during this period, or breaches any of the terms of any agreement with the Government, the Government will not be bound by the recommendations in this plea agreement, and may recommend any lawful sentence. In addition, at its option, the Government may move to set aside the plea.

//

//

//

Def. Initials E-LG
08 CR 0308-BTM

XIII

ENTIRE AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

XIV

MODIFICATION OF AGREEMENT MUST BE IN WRITING

No modification of this plea agreement shall be effective unless in writing signed by all parties.

XV

DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

XVI

DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation.

KAREN P. HEWITT
United States Attorney

2/8/08
DATED

W. MARK CONOVER
Assistant U.S. Attorney

01/30/08
DATED

CHARLES GUTHRIE
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

01/30/08
DATED

EFRAIN LOPEZ-GALLEGOS
Defendant